IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | Bankruptcy No. 21-10428 |
| | : | |
| **VIP PHARMACY, INC.** | : | |
|                 Debtor | : | **Chapter 11** |
| | : | **Hearing Date: May 19, 2021** |
| | : | **Hearing Time: 11:00 a.m.** |
| | : | **United States Bankruptcy Court** |
| | : | **Courtroom 1** |
| | : | **900 Market Street** |
| | : | **Philadelphia, PA 19107** |

## MOTION OF WOORI AMERICA BANK TO PROHIBIT USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363

This Motion is made on behalf of Woori America Bank, a secured creditor of the Debtor, by and through its attorneys, Kozloff Stoudt, for an Order prohibiting the Debtor from using Cash Collateral, because the Bank has not consented to the use of such collateral and the Bank is not adequately protected.

1. Woori America Bank is a New York banking corporation with an address of 330 5th Avenue, 3rd Floor, New York, New York 10001 ("Bank").

2. VIP Pharmacy, Inc. is a Pennsylvania corporation with an address of 7737 New Falls Road, Levittown, Pennsylvania 19055 ("Debtor").

*Background*

3. On or about July 19, 2016, the Debtor, KBS Pharmacy, Inc., Shri Santram Corporation, and Big Oak Pharmacy Inc executed and delivered to the Bank a Promissory Note in the original principal amount of $1,100,000.00 ("Note"). A true and correct copy of the Note is attached hereto as Exhibit A and incorporated herein by reference.

4. As security for the repayment and performance of the Note, the Debtor executed and delivered to the Bank a Security Agreement dated July 19, 2016 ("Security Agreement"), which granted the Bank a lien on and continuing security interest in all of the Debtor's Inventory,

Accounts, General Intangibles, and Equipment (as those terms are defined in the Security Agreement), together with all products and proceeds thereof (collectively, the "Collateral"). A true and correct copy of the Security Agreement is attached hereto as Exhibit B and incorporated herein by reference.

5. The Bank perfected its security interest in the Collateral by filing a UCC-1 Financing Statement with the Pennsylvania Department of State Corporation Bureau on July 19, 2016 to No. 2016071901441, which was properly continued. True and correct copies of the recorded UCC-1 Financing Statement and related amendments are attached hereto as Exhibit C and incorporated herein by reference.

6. The Debtor is currently indebted to the Bank under the Note as follows:

| | |
|---|---|
| Principal Balance: | $ 623,023.30 |
| Accrued Interest at the rate of 5.00% per annum ($86.53 per diem) through 04/12/21: | $ 3,652.60 |
| Late Charges through 04/12/21: | $ 549.15 |
| Total Amount Due as of 04/12/21: | $ 627,225.05 |

Interest continues to accrue on the principal balance of the Note at the rate of 5.00% per annum ($86.53 per diem), and the Debtor remains responsible for any late fees and collection costs incurred by Bank, including, but not limited to, all attorneys' fees.

### *Cash Collateral*

7. The Debtor commenced this Chapter 11 case with the filing of a voluntary petition on February 23, 2021 ("Petition Date").

8. Since the Petition Date, the Debtor has remained in possession of its assets and is operating as a debtor-in-possession pursuant to § 1184 of the Bankruptcy Code.

9. As a matter of law under the Bankruptcy Code, the Debtor may not use, sell, or lease Cash Collateral (as that term is defined in 11 U.S.C. § 363(a)) in which the Bank has an interest without either Court approval or the Bank's consent. 11 U.S.C. § 363(c)(2). In addition, the

Debtor must segregate all Cash Collateral and provide the Bank with an accounting therefor. 11 U.S.C. § 363(c)(4).

10. Absent consent of the Bank and adequate protection of the Bank's interest, the Debtor's use of Cash Collateral may result in a reduction in the value of the Bank's Collateral without a corresponding reduction in the outstanding amount due under the Note, thereby depriving the Bank of adequate protection to which it is entitled under Sections 363(c)(3) and (e) of the Bankruptcy Code.

11. The Bank does not consent, and has not consented, to any use by the Debtor of its Cash Collateral, and does not have, and has not been offered, adequate protection for the value of its interest in Cash Collateral.

12. Unless the Court prohibits the use of Cash Collateral by the Debtor or conditions its use upon providing the Bank with adequate protection, the Bank will suffer immediate and irreparable harm, as its Collateral will be reduced in value upon being turned into Cash Collateral and dissipated.

13. The Bank is entitled to an Order directing the Debtor to cease using Cash Collateral and to segregate and to account to the Bank for all Cash Collateral which it now possesses, which it has permitted to be transferred into the hands of others, which is being held by those in privity with it, or which it might hereafter obtain.

WHEREFORE, Woori America Bank, respectfully requests this Honorable Court to enter an Order, substantially in the form of the attached proposed Order, granting this Motion and enjoining the Debtor from using Cash Collateral of the Bank, requiring an accounting of all Cash Collateral received, possessed, used, or expended since the Petition Date, and compelling Debtor to place all proceeds of the collection of accounts receivable and other Collateral into escrow with the

Bank until further Order of this Court.

Dated: April  16 , 2021                         KOZLOFF STOUDT

                                    By:     _____
                                             Charles N. Shurr, Jr., Esquire
                                             Attorney ID# 74813
                                             2640 Westview Drive
                                             Wyomissing, PA 19610
                                             (610) 670-2552
                                             Attorneys for Woori America Bank