**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : |
| | :     **Chapter 11** |
| **VIP PHARMACY, INC.** | : |
| | :     **Bankruptcy No. 21-10428(ELF)** |
| *Debtor.* | : |
| | :     **Hrg. Date:   May 19, 2021** |
| | :     **Time:         11:00 am** |
| | :     **Ctrm No. 1.** |
| | :     **900 Market Street, Second Floor** |
| | :     **Philadelphia, PA 19107** |

**DEBTOR'S RESPONSE IN OPPOSITION
TO MOTION TO WOORI AMERICAN BANK
TO PROHIBIT USE OF CASH COLLATERAL**

VIP Pharmacy, Inc., the Debtor and Debtor in Possession, by and through its legal counsel, Offit Kurman, P.A. hereby submits this Response opposing the relief sought by Woori American Bank seeking to prohibit or preclude the Debtor's use of cash collateral, and in support thereof states as follows:

1.    Admitted.

2.    Admitted.

3.    Admitted.  It is expressly admitted the existing loan facility outstanding to Woori American Bank is secured by a pledge of assets other than those pledged and owned by the Debtor.  The total assets of all entities exceed the present balance of debt remaining due on the loan facility.

4.    Admitted.  The subject loan facility is also secured by liens on other non-debtor property interests.

5.    Admitted.

6.      Admitted, except for addition regular monthly payments which continue to be made by and on behalf of all borrowers on the loan facility. As of the date of submitting this response, all payments required on the loan facility are current.

7.      Admitted the Debtor commenced this bankruptcy case on February 23, 2021.

8.      Admitted.

9.      Admitted as stated.

10.     Admitted in part, denied in part.  It is admitted a debtor has an obligation to obtain a secured creditor's consent to use assets which are determined to be designated as cash collateral or gain Bankruptcy Court approval to authorize such use after notice and hearing as mandated under 11 U.S.C. §363(c)(2).  Woori American Bank fully secured on assets in excess of the full value of its remaining claim, is receiving current payments consistent with its loan agreements, and is adequately protected.

11.     Admitted in part, denied in part. The Debtor was not aware previously aware that the Bank did not consent to continued use of cash collateral. Debtor's representatives have had regular discussions  with Loan Officers for Woori American Bank regarding operations and such position was not raised, particularly since regular payments were being made. These discussions have continued and Debtor believes consent for such continuing use of cash collateral will be reached with the Bank.

12.     Denied.

13.     Denied.

WHEREFORE, the Debtor respectfully requests this Court enter an order (i) authorizing the Debtor an ability to continue to use assets qualifying as cash collateral in the regular and normal operations of the Debtor's retail pharmacy business consistent with the Expenditures

included in the Budget for normal operations as is appended to this Response as Exhibit 1, deny

the relief as requested by Woori American Bank in its current motion, and (ii) grant such other

and further relief as is just and proper under the circumstances detailed herein.

Respectfully submitted,

**OFFIT KURMAN, P.C.**

By: ***/S/ P.J.Winterhalter***
PAUL J. WINTERHALTER
401 Plymouth Road, Suite 100
Plymouth Meeting, PA 19462
Telephone: (267) 338-1370
Facsimile: (256) 338-1335
E-mail: pwinterhalter@offitkurman.com

*Proposed Counsel for the*
*Debtor in Possession, VIP Pharmacy, Inc.*

Dated: April 28, 2021