IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| **VIP PHARMACY, INC.** | : |
| | : Bankruptcy No. 21-10428(ELF) |
| *Debtor.* | : |
| | : |
| | : Hrg. Date: July 14, 2021 |
| | : Time:   11:00 am |
| | : 900 Market Street,  2d Floor |
| | : Courtroom No. 1 |
| | : Philadelphia, PA 19107 |

**MOTION TO DETERMINE VALIDITY, PRIORITY,
AND EXTENT OF LIENS OR INTERESTS IN PROPERTY
OF THE ESTATE PURSUANT TO 11 U.S.C. §506(a)
AND TO VOID ANY SUCH APPLICABLE CLAIMED LIEN OR
SECURITY INTEREST PURSUANT TO 11 U.S.C. §506(d)**

VIP Pharmacy, Inc., the Debtor and Debtor in Possession, by and through its legal counsel, Offit Kurman, P.C. brings this Motion seeking to determine the validity, priority, and extent of any and all liens in or on property of the Estate of the Debtor, to void any such lien to the extent it is determined to be unsecured, and for such other and further relief as this Court finds just and proper, and in support thereof aver as follows:

1. This Motion is presented on behalf of the Debtor, VIP Pharmacy, Inc. ("Debtor") having instituted this bankruptcy proceeding upon the filing of a Voluntary Petition under Subchapter V of Chapter 11 of Title 11 of the United States Code on February 23, 2021 ("Petition Date").

2. The Debtor remains in possession of its assets and control of its financial affairs pursuant to the authority set forth in 11 U.S.C. §1107 and 1108.

3.     At the time of filing the Bankruptcy, all legal and equitable interests of the Debtor in property is property of the Estate as such term is defined under 11 U.S.C. §541.

4.     The Debtor has filed mandated Schedules with this Bankruptcy Court identifying the assets, liabilities, and claims outstanding against the Debtor and its Estate. In addition, the Debtor had requested, and the Bankruptcy Court entered an Order dated April 7, 2021 establishing a Deadline for filing all claims and interests against the Estate. The Bankruptcy Court set May 21, 2021 as the date for filing such claims. [ECF 58].

5.     The Bankruptcy Schedules and certain Proofs of Claim which have been filed with the Bankruptcy Court detail creditors who have alleged to hold a secured claim against certain property of the Bankruptcy Estate, whom have filed a Proof of Claim with this Bankruptcy Court alleging to hold a claim secured against the assets of the Estate, or in the alternative, who previously held a claim secured against assets of the Estate, prior to the Bankruptcy filing which, according to the filed records for recording such interests in the Commonwealth of Pennsylvania have not or had not yet satisfied such lien interest despite such claim having been satisfied in full.

***Respondents to relief sought by this Motion***

6.     Appended as **Exhibit 1** to this Motion is a Financing Agreement Lien search of recorded UCC-1 Lien filings against the Debtor in the Commonwealth of Pennsylvania as of April 13, 2021. This UCC Lien search details recorded liens filed against the Debtor as of the Petition Date.

7.     Respondent Woori American Bank of 330 Fifth Avenue, 3rd Floor, New York, New York has filed three separate claims against the Debtor. Proof of Claim No. 6 details an alleged secured claim in the amount of $627, 225 as of April 12, 2021 owed by the Debtor

representing the balance of monies due under a certain promissory note originally dated July 16, 2016 in the face amount of $1,100,000.  The original loan was subject to a separate Security Agreement in which the Debtor pledged certain of its assets as collateral security for the repayment of the loan.  The Security Interest is allegedly perfected through the filing of a UCC Financing Statement filed with the Secretary for the Commonwealth of Pennsylvania on July 19, 2016, Filing No. 2016071901441.  A second Financing Statement regarding additional assets was filed on behalf of Woori American Bank on July 21, 2021 under filing No. 2016072101115.  At the time of recording these lien interests a prior perfected claim against some or all of the same assets was recorded and held by Cardinal Health of 7000 Cardinal Place, Dublin, Ohio, 43017, however, Cardinal Health executed and entered a UCC Subordination Agreement dated July 13, 2016 subordinating its then existing lien interest to the alleged secured interests of Woori American Bank.  A true and correct copy of the subject Subordination Agreement is appended to this Motion as **Exhibit 2**.  On April 2, 2021, Woori American Bank filed a Continuation Statement with the Secretary of the Commonwealth further extending its alleged recorded lien interest under Filing No. 2021040200793.

8.     Respondent Woori American Bank filed a separate Proof of Claim No. 5 alleging a further secured claim in the amount of $152,781.36 as of April 12, 2021 based on a guaranty agreement entered by the Debtor dated December 18, 2017.  The Guaranty Agreement is further supported by a separate Security Agreement in which the Debtor supposedly pledged certain of its assets as collateral security for the repayment of a loan issued by Woori American Bank to an entity by the name of Pennymed Pharmacy, LLC.  The Security Interest is allegedly perfected through the filing of a UCC Financing Statement filed with the Secretary for the Commonwealth

3

of Pennsylvania on December 18, 2017 under Filing No. 2017121801776. Pennymed Pharmacy, LLC is no longer operating, is out of business and has no remaining assets.

9. Respondent Woori American Bank filed a third Proof of Claim No. 5 alleging a further secured claim in the amount of $203,211.96 as of April 12, 2021 based on a guaranty agreement entered by the Debtor dated December 18, 2017. The Guaranty Agreement is further supported by a separate Security Agreement in which the Debtor supposedly pledged certain of its assets as collateral security for the repayment of a loan issued by Woori American Bank to an entity by the name of Pharmacy of Newtown, LLC. The Security Interest is allegedly perfected through the filing of a UCC Financing Statement filed with the Secretary for the Commonwealth of Pennsylvania on December 18, 2017 and assigned Filing No. 2017121801791. Pharmacy of Newtown, LLC is no longer operating, is out of business, and has no remaining assets.

10. The aggregate amount of alleged secured claims claimed by Woori American Bank totals $983,217, however the Debtor has and continues to make monthly required payments on account of this indebtedness regularly reducing the balance outstanding to Woori American Bank.

11. Respondent H.D. Smith, LLC of 3063 Fiat Avenue, Springfield, Illinois has filed Proof of Claim No. 9 against the Debtor claiming to hold a secured claim in the amount of $2,507,237.93 based on the purported existence of two Promissory Note Agreements. The purported secured claim or claims are subject to a separate Security Agreement pledging certain assets of the Debtor as collateral security for the repayment of the claimed indebtedness and allegedly perfected by a recorded UCC Financing Statement issued to H.D. Smith Wholesale Drug Company, Inc. of Kearney, New Jersey filed with the Secretary of the Commonwealth on October 9, 2018 under Filing No. 2018100901408. On March 12, 2019, H.D. Smith Wholesale

Drug Company, Inc. amended the purported UCC Financing Statement conveying the interest to Amerisource Bergen Drug Company of 1300 Morris Drive, Chesterbrook, Pennsylvania 19087.

12. Respondent Burlington Drug Company, Inc. of 91 Catamount Drive, Milton, Vermont 05468 purportedly claims to hold an alleged secured claim against the Debtor which claim is subject to a filed UCC Financing Statement with the Secretary of the Commonwealth of Pennsylvania on January 18, 2019 by Filing No. 2019011801557. Burlington Drug Company has not filed a Proof of Claim against the Debtor nor has the Debtor listed Burlington Drug Company as a creditor. The Debtor does not believe it owes any monetary obligation to Burlington Drug Company.

13. Respondent Rochester Drug Cooperative, Inc. of 50 Jet View Drive, Rochester, New York has filed Proof of Claim No. 1 against the Debtor claiming to hold a secured claim in the amount of $84,392.34 based on a purported inventory production agreement. Rochester Drug Cooperative, Inc. is believed to be in its own pending bankruptcy proceeding. The Proof of Claim filed in this case has been submitted by Bruce W. Bieber, Esquire of the Kurzman, Eisenberg Corbin & Lever, LLP law firm of 1 N. Broadway, 12th Floor, White Plains, New York 10601. The purported secured claim or claims are allegedly perfected by a recorded UCC Financing Statement issued to Rochester Drug Cooperative, Inc. filed with the Secretary of the Commonwealth on February 13, 2019 under Filing No. 2019021301229.

14. Respondent HealthSource Distributors, LLC of 7200 Rutherford Road, Suite 150, Baltimore Maryland 21244 has filed Proof of Claim No. 4 against the Debtor claiming to hold a secured claim in the amount of $13,788.55 based on a purported Customer Agreement and Credit Application. The Proof of Claim filed in this case on behalf of HealthSource Distributors, LLC has also been submitted and filed by Bruce W. Bieber, Esquire of the Kurzman, Eisenberg

Corbin & Lever, LLP law firm of 1 N. Broadway, 12th Floor, White Plains, New York 10601. The purported secured claim or claims are allegedly perfected by a recorded UCC Financing Statement issued to HealthSource Distributors, LLC filed with the Secretary of the Commonwealth on March 20, 2020 under Filing No. 2020032000619.

15. Respondent U.S. Small Business Administration of 2 North Street, Suite 320, Birmingham, Alabama 35203 purportedly claims to hold an alleged secured claim against the Debtor which claim is subject to a filed UCC Financing Statement with the Secretary of the Commonwealth of Pennsylvania on June 30, 2020 by Filing No. 2020063002866. The United States Small Business Administration has not filed a separate Proof of Claim against the Debtor nor has the Debtor listed the Small Business Administration as a creditor.

16. Respondent McKesson Corporation of One John Henry Drive, Robbinsville, New Jersey 08691 has filed Proof of Claim No. 10 with the Bankruptcy Court claiming an <u>unsecured</u> claim in the amount of $4835. The Lien search obtained by the Debtor reflects that McKesson Corporation filed a UCC Financing Statement with the Secretary of the Commonwealth of Pennsylvania on October 6, 2020 by Filing No. 20201006001422. Debtor believes all liabilities to McKesson Corporation are fully paid and no outstanding claim exists and as a result does not hold a secured claim.

17. Respondent Cardinal Health 110, LLC has filed Proof of Claim No. 8 against the Debtor claiming to hold a secured claim in the amount of $1836.26 and an unsecured claim in the amount of $193,404.06 based on the purported right of set off pursuant to 11 U.S.C.§362(d)(1). The Lien search obtained by the Debtor reflects that Cardinal Health East 110, LLC as Agent filed a UCC Financing Statement with the Secretary of the Commonwealth of Pennsylvania on December 21, 2020 by Filing No. 2020122100051. The Proof of Claim filed

in this case on behalf of Cardinal Health 110, LLC has been submitted and filed by Erin Gapinski, Esquire as Senior Counsel for Cardinal Health 110, LLC , 7000 Cardinal Place Dublin, Ohio 43017.

### *Jurisdiction and Venue*

18.     The United States District Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under title 11, and that pursuant to 28 U.S.C. §157(a) and a Standing Order of the U.S. District Court for the Eastern District of Pennsylvania dated July 25, 1984 and modified by Standing Order dated November 8, 1990 has referred all cases under Title 11 and all proceedings arising under Title 11 to the Bankruptcy Judges in this District.  This is a core proceeding in the Bankruptcy Court pursuant to 28 U.S.C.§157(b)(2)(A), (B), and (K).

19.     Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §1409.

20.     The statutory provisions upon which this case is based includes 11 U.S.C. §506(a), §506(d), Bankruptcy Rule 7001(2), to the extent necessary 11 U.S.C. §502 regarding allowance of certain claims and Bankruptcy Rules 3007, 3012, 3013 and 9014.

### *Basis for Relief*

21.     The Debtor operates a single location neighborhood retail pharmacy at 7737 New Falls Road in Levittown, Bucks County, Pennsylvania.  The Pharmacy serves and is open to the general public providing and dispensing prescription medicines and sales of other health related over the counter products, goods and services including some durable medical equipment.

22. During the course of its business operations which started in 2006, the Debtor has borrowed monies from various lending institutions and separately from drug vendor providers to assist in the operation of its business. As stated above Respondents filed various UCC Financing Statements against the Debtor and property of the Debtor in an effort to secure the repayment of alleged obligations believed outstanding to each respective creditor.

23. As of the Petition Date the assets of the Debtor were limited to the cash, prescription drugs and stock inventory, and monies due to the Debtor for prior sales of prescription medications. The Debtor also has some limited store fixtures and shelving used in the operation of the pharmacy, minimal equipment, and also has a security deposit held by its landlord under its commercial real estate lease. While the cash in its business operating account is regularly used to pay operating expenses of the business on a daily basis, the normal average balance in the account totals approximately $20,000. The normal inventory levels for both prescription medications and general inventory normally totals approximately $150,0000 and the Debtor has approximately $200,000 in collectible outstanding receivables (Insurance Reimbursement Claims Receivable) on any given day. The Landlord holds a Security Deposit in the amount of $6500. The Store fixtures, shelving and miscellaneous equipment have a book value of approximately $13,500. All total the Debtor believes the current value of its assets is $390,000.

24. Woori American Bank's alleged secured claims are partially secured by a valid lien it holds and was properly perfected to the extent of the value of the Debtor's assets as of the Petition Date. The value of the Debtor's assets total $390,000 as of the Petition Date. The balance of claims alleged due to Woori American Bank above the value of the Debtor's assets is and by the relief sought by this Motion the Debtor seeks to render the balance of the claim an

8

unsecured claim to the extent that the value of such creditor's interest or the amount subject to setoff is less than the amount of such claim as may be allowed. 11 U.S.C.§506(a).

25. The alleged or purported secured claims of all other Respondents to this Motion claims are rendered unsecured since no value remains in any of the debtor's assets. The Debtor's asset value is not sufficient to fully secure the entirety of the Woori American Bank alleged claim and therefore is/was no remaining vlaue or interests in Debtor's property to which any of the Subordinated alleged secured creditors lien claims may attach. Their claims are wholly unsecured, and each Subordinated Respondent claim must be rendered unsecured pursuant to 11 U.S.C. §506(a). The Subordinated Respondents include H.D. Smith Wholesale Drug Company, Inc. and its successor in interest Amerisource Bergen Drug Corporation, Burlington Drug Company, Inc., Rochester Drug Cooperative, Inc., Healthsource Distributors, LLC, United States Small Business Administration, McKesson Corporation, and Cardinal Health 110, LLC ("Subordinated Respondents").

26. The Subordinated Respondents only hold alleged liens claims against Debtor's property that is not an allowed secured claim and therefore each such lien is void pursuant to 11 U.S.C. §506(d).

WHEREFORE, the Debtor respectfully requests this Court enter an Order (1) reducing the allowed secured claim of Woori American Bank to the sum of $390,000 and determining the balance of the claim amount outstanding, after credit for all post petition payments made, is an allowed unsecured claim against the Debtor's Estate; (2) the alleged secured claims of all

9

Subordinated Respondents are rendered allowed unsecured claims; (3) any lien claim of the Subordinated Respondents is voided or otherwise stricken of record against any and all property of the Debtor; and (ii) grant such other and further relief as is just and proper under the circumstances warranted by this Motion.

> Respectfully submitted,
>
> **OFFIT KURMAN, P.C.**
>
> By: ***/S/ P.J.Winterhalter***
> PAUL J. WINTERHALTER
> 401 Plymouth Road, Suite 100
> Plymouth Meeting, PA 19462
> Telephone: (267) 338-1370
> Facsimile: (267) 338-1335
> E-mail: pwinterhalter@offitkurman.com
>
> *Counsel for the Debtor and*
> *Debtor in Possession, VIP Pharmacy, Inc.*

Dated: June 16, 2021